# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**VINODH RAGHUBIR,**

    **Petitioner,**

**v.**                                                  **Case No. 3:20cv5879-MCR/MAF**

**STATE OF FLORIDA,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about September 24, 2020, Petitioner Vinodh Raghubir, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  His petition is not on the required form and he has not paid the $5.00 filing fee or submitted a motion to proceed in forma pauperis.

A review of the case reflects that Petitioner Raghubir challenges his current confinement pursuant to state court judgments in cases 2016-CF-1833 and 2016-CF-5231 from the Ninth Judicial Circuit Court, Orange County, Florida, which is located in the Middle District of Florida.  *See* ECF No. 1 at 4; 28 U.S.C. § 89(b); www.dc.state.fl.us/offenderSearch.  As relief, he seeks release from prison.  *See* ECF No. 1 at 4.

Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file

habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). Petitioner Raghubir is currently incarcerated at the Okaloosa Correctional Institution in Crestview, Florida, which is in the Northern District of Florida. ECF No. 4; *see* 28 U.S.C. § 89(a). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Orlando Division. *Id*.; M.D. Fla. R. 1.02(b)(3). *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

Indeed, this Court has advised Petitioner Raghubir several times that the proper district for his habeas corpus petition challenging his conviction and sentence is the Middle District of Florida because that is the district wherein the state court which entered his conviction and sentence is located. *See* Raghubir v. State of Florida, 3:20cv5871-LC/HTC (N.D. Fla. Oct. 13, 2020), ECF No. 2 (order transferring § 2241 habeas petition to Middle District); Raghubir v. United States, 4:20cv133-WS/MJF (N.D. Fla. Mar. 18, 2020), ECF No. 6 (order transferring § 2241 habeas petition to Middle District); Raghubir v. U.S. Dist. Ct. E.D. N.Y., 4:20cv147-WS/EMT (N.D. Fla.

Mar. 20, 2020), ECF No. 3 (order transferring § 2241 habeas petition to Middle District); Raghubir v. State of Florida, 4:20cv235-MW/EMT (May 12, 2020), ECF No. 3 (order transferring § 2241 habeas petition to Middle District); Raghubir v. United States, 4:20cv161-WS/MAF (May 8, 2020), ECF No. 11 (order adopting Report and Recommendation to transfer § 2241 habeas petition to Middle District).   This Court has also previously noted that Petitioner Raghubir has filed other habeas petitions in the Middle District. *See* Raghubir v. State, 3:20cv5871-LC/HTC, ECF No. 2 at 5; Raghubir v. United States, 4:20cv133-WS/MJF, ECF No. 6 at 3-4; Raghubir v. State of Florida, 4:20cv235-MW/EMT, ECF No. 3 at 3-4.   Thus, it may be that this petition is successive.

Nevertheless, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 19, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**